UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RALDIRIS FERRERAS MATOS,

                              Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/31/2022__

20-cv-7106 (NSR)(PED)

ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

Plaintiff Raldiris Ferreras-Matos ("Plaintiff") commenced this action on September 1, 2020, pursuant to 42 U.S.C. § 405(g), challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  (ECF No. 1.)  On November 15, 2021, Magistrate Judge McCarthy issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), recommending that Plaintiff's motion for judgment on the pleadings be granted, and the Commissioner's cross-motion for judgment on the pleadings be denied.  (Report and Recommendation ("R&R") ECF No. 29, at 1.)  For the following reasons, the Court adopts MJ McCarthy's R&R in its entirety.

## BACKGROUND

Plaintiff seeks to challenge the Commissioner's decision denying Plaintiff's applications for DIB and SSI.  The Court assumes familiarity with the underlying facts and prior proceedings in this case, as set forth in the R&R.  Plaintiff commenced the instant action on August 3, 2015. (ECF No. 1.)  Plaintiff filed a motion for judgment on the pleadings on May 14, 2021 (ECF No. 22), and the Commissioner filed a cross-motion for judgment on the pleadings on July 13, 2021

(ECF No. 26).  On November 15, 2021, MJ McCarthy issued the R&R recommending that this Court grant Plaintiff's motion, deny the Commissioner's motion, and remand this action back to the Commissioner for further proceedings consistent with the R&R.  Neither party has filed written objections to the R&R.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so requested by a district court.  Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."  *Id*.  Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec'y of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)).

## DISCUSSION

Here, as neither party objected to the R&R issued by MJ McCarthy, the Court reviews the recommendation for clear error.  After review of the R&R the Court finds no clear error.  The

analysis and conclusions contained in the R&R are adopted in their entirety.

When evaluating a claim of disability, the administrative law judge ("ALJ") is required to undertake a five-step procedure set out in the regulations governing the administration of Social Security benefits. 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step requires the ALJ to consider the "medical severity" of the "physical or mental impairment." 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment meets or equals one on the List of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled. *Id*. At the fourth step, the ALJ must consider the claimant's residual functional capacity ("RFC") and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled. *Id*. Lastly, if claimant is disabled, the ALJ must determine whether he or she can "make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v).

"[S]tep two of the Commissioner's five-step analysis . . . requires the ALJ to determine whether [a] mental impairment is 'severe' or 'not severe.'" *Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013) (quoting 20 C.F.R. §§ 404.1520a(b)-(d), 416.920a(b)-(d)). "But the regulations also instruct that even if the ALJ determines that a claimant's medically determinable mental impairments are 'not severe,' he must further consider and discuss them as part of his [RFC] analysis at step four." *Id*. Specifically, the ALJ "must consider the combined effect of all of the claimant's medically determinable impairments, whether *severe or not severe*." *Id*. at 1065 (emphasis in original).

Upon a review of the administrative record, MJ McCarthy determined that the ALJ's RFC

analysis and determination was flawed as he failed to account for Plaintiff's mental limitations, and therefore failed to consider Plaintiff's impairments in combination.  As MJ McCarthy notes in the R&R, the ALJ did not account for Plaintiff's depressive and anxiety disorders in the RFC portion of his analysis, even though he found that they were non-severe, and therefore failed to consider the combined effect of Plaintiff's mental and physical impairments.  The ALJ's failure to consider the combined effects of plaintiff's mental and physical impairments is reversible error. *Kolodnay v. Schweiker*, 680 F.2d 878, 879–80 (2d Cir. 1982).  Similarly, the Vocational Expert opinion was flawed given that it was based on a hypothetical question that did not include Plaintiff's mental impairments, and contained an apparent conflict with the Dictionary of Occupational Titles.

Further, MJ McCarthy noted the ALJ did not explicitly discuss all of the relevant evidence. The ALJ must "adequately explain his reasoning" and "address all pertinent evidence," and failure to do so is "plain error."  *Klemens v. Berryhill*, 703 F. App'x 35, 36 (2d Cir. 2017).  Here, MJ McCarthy found that the ALJ failed to explicitly mention the treatment notes of several practitioners, and therefore he is directed to do so on remand.

## CONCLUSION

For the reasons stated above, this Court adopts MJ McCarthy's R&R in its entirety. Plaintiff's motion for judgment on the pleadings is GRANTED to the extent of REMANDING the case back to the SSA for further proceedings consistent with the R&R, and the Commissioner's cross-motion is DENIED.  The Clerk of the Court is respectfully directed to terminate the motions

at ECF Nos. 22 & 26, and to terminate the action.

Dated:   January 31, 2022               SO ORDERED:
         White Plains, New York

_____

NELSON S. ROMÁN
United States District Judge